All right, we'll now hear argument on our next case, which is Banco Mercantil, Mr. Cassidy. Thank you, Your Honor, and may it please the Court. In terms of vocabulary, I'll be referring to my client's cartograph. They are Cartograph USA. They were a company in Virginia. They're no longer in existence, and that's in part because they did not file their taxes. Generally, I'll be also speaking about the opposing party is Benotra, which is a bank originally located in Mexico. Cartograph is asking this Court to reverse and deny or reverse and remand the district court's order granting a 1782 application. We're asking the Court to do this in part because there appears to be somewhat of a gap in the law. Can I just ask a question? You just said that your entity doesn't exist. Then how can we resolve a case about an entity that doesn't exist? Although it technically does not exist, we're still subject to the jurisdiction of the Virginia Court. There are still legal proceedings going on in that court related to this. Although it doesn't have a license in the state of Virginia, it is still winding up, as it were, not just in federal court, but also in state court, where the property is in the process of being judicially sold. So under Virginia law, the Board of Directors of that company would be charged with winding down the business. Is that what they're doing now? That's correct, Your Honor. And this issue came up in particular because Vinotra wanted to get additional information here in the United States from a U.S. company to use in a foreign proceeding in Mexico. Where is the gap in the law? The gap in the law is in this case found because Vinotra has identified both civil proceedings and specific criminal proceedings in Mexico that it has brought against the ultimate manager and owner of Cartograph USA. What in the record do I look for to understand that a private party can bring a criminal proceeding? In the American system, we operate in a world where a private party can ask that a criminal proceeding be brought. They can provide information to a prosecutor, but it's been an awfully long time since in the U.S. system a private party can actually go before a grand jury and bring a criminal prosecution. You seem to assume in your briefing that a private party can bring a criminal action in Mexico. Why is that? Not just the motivating factor, but they have to actually be the one bringing it, right? Yes, and that issue was not actually briefed in the lower court. Yes, we can talk about experience, and I can tell you that is the case. But if you're looking for a site in the record, the only and best site would be the Marin Declaration, which is the declaration supporting Vinotra's application. And in that declaration, Mr. Marin states that one of the Vinotra entities have in fact brought criminal proceedings against Juan Jose Peramor, who is the ultimate owner of Cartograph USA. And you can find that in the appendix. His declaration and the definition of foreign proceedings is at page 57 and 58. And that's really the issue here. In asking for discovery, they define exactly what they want, and they say there are a number of civil proceedings and then a number of criminal proceedings in Mexico. A number of criminal proceedings or one? Well, that is the great mystery. The reason we're here is because... I mean, is there evidence in the record there's more than one criminal proceeding? In my position, Your Honor, I would say no, but it really depends on how you read the language in the Marin Declaration. And in that paragraph 22, which is on JA-57-58, Mr. Marin says that they have initiated a criminal proceeding against Juan Jose Peramor. But I think it's general enough that it's unclear. And that's really our issue here. You think we should read A there to be more than one? I mean, that would be an unusual reading, wouldn't it? I agree, Your Honor. It's the generality of the statement as a whole. I'd be hesitant, and I think it's really a question probably for Bernardo more than it is for me, but I'd be hesitant to try to get too much specificity about these proceedings, and that's exactly why we object in part to the district judge's order. We don't know what the for-use purpose of this discovery will be in those criminal proceedings. Now, Bernardo has taken a very direct line. Once we filed our objection to their attempt to get this subpoena, they filed a reply, and in that reply, in their pleading, they say, we will not use any of this discovery in the criminal proceedings in Mexico. In fact, we're only going to use it for the civil proceedings. But that statement in pleadings is directly contrary to the whole basis of the application, which is Mr. Marin's declaration. He signed a declaration under the penalty of perjury, stating that there are, in fact, criminal proceedings in Mexico. And yet, Bernardo... And just so I understand what you're talking about, you're talking about on paragraph 22 on page 58, where they say that they filed a criminal complaint? Yes, sir. And you're from that drawing that that is a criminal proceeding? And why are you drawing that as a criminal proceeding? I mean, so I can file a complaint, right? You know, I'm going to go to the police station and tell them that Judge Agee has assaulted me, right? And so I file a complaint based on that assault. But that's not a criminal proceeding unless and until, like, they bring some action against him. Your Honor, I think you're absolutely correct. And I do not want you to think I'm trying to misstate or overstate our position. The question is, what do they mean by that paragraph? Because those criminal proceedings are part of the overall Mexican proceedings that they're requesting this discovery for. And what we want to know, since they don't specify that you... Other than that paragraph, you've got reams of documents that talk about the civil aspects of their case. It seems like because you have this one kind of throwaway line about there's also a criminal proceeding, it invalidates all of the civil objectives. I would not go so far as to say it invalidates the civil objectives. What I would say is that the district court cannot fulfill its role as a gatekeeper and determine what documents may be used in this criminal proceeding unless Penelty is required to simply tell us. If you're going to define the Mexican proceedings as they do in the Marin deposition to include criminal proceedings in Mexico, then there has to be a level of detail that is given. Well, they say, you know, whatever we get, we're not going to use it in the criminal proceedings. Why not the end of it? It's directly contrary to the Marin declaration, which is the support for the application. If Mr. Marin had come back and done a supplemental... What is it? We're in the Marin declaration? Is it inconsistent? I actually don't understand that argument at all. And I apologize. Let me see if I can flesh it out a little bit. We know that there's something criminal going on in Mexico. We don't have the details. For the district court to determine whether the requested discovery will be used to circumvent certain protections in Mexico or whether it will violate a privilege in Mexico, we need to have more details about the action. And that is exactly what Enrique Turk says. You have to provide... The action there, you're referring to what you claim is a criminal proceeding, which he describes as a complaint that was filed. Yes, sir. And, again, I do appreciate and agree with your distinction. We can call it a criminal complaint. Given the fact that that criminal complaint is part of the basis, the definition of the Mexican proceedings, that they are using to request this information, under Enrique Turk, they are required to give us some level of detail. Why is that important? As you know, one of the things that Cartograph USA wanted to do was invoke its privilege as a company against self-incrimination. And that is a right given to companies in Mexico that typically is not given here in the United States. However... If the district court's order had said, I'm going to give you all the things you want, use them as you wish in the civil proceeding, but you can't use them in the criminal proceeding, you'd be done? Yes, sir. I think we would be. And I think that's consistent with the Fourth Circuit's decision in Enrique Newbrook Shipping Corporation. And does it require in your mind? So that argument to me seems to turn on the notion that a private party can prosecute a criminal offense in Mexico, which seems antithetical to everything I know about their system, but I'm no Mexican expert. So that a private party can't use anything in a criminal proceeding. The prosecutor uses things in a criminal proceeding. So to say the bank is going to use something in a criminal proceeding seems antithetical. At least, let me just say, in the American system, the bank cannot use something in a criminal proceeding. The government uses something in a criminal proceeding. And so what I don't see is any reason to think that Mexico has a different system than that. Your argument is premised on this notion that the bank can itself individually prosecute somebody and use evidence against a defendant in Mexico. That's the premise of, I think, this entire argument. And I don't understand why that premise has any support in the record. I would go back to the paragraph that we've been discussing. I understand that argument. Is there anything other than the paragraph to support your premise that a private party can use evidence to criminally prosecute another private party under Mexican law? No, that issue was not raised in the district court. That is not our argument. Our argument is that Mr. Marin is the one who says there is a criminal complaint. And under both Inouye Turek, and I'd also argue the Fourth Circuit and Newbrook Shipping Company, they are required to give us details of that complaint and that proceeding. Therefore, that would allow Cartograph USA to, one, object or not object, assert a privilege or not assert a privilege. And, you know, as the panel has already said, yes, something as simple as giving the requisite details so Cartograph USA can fully defend itself, either comply with the subpoena or assert the relevant privileges, would have ended this. I'm still a little bit shocked that when we raised this issue, instead of simply saying here's the cause number, this is what's going on down in Mexico, they said they made an about-face and said absolutely we're just not going to use it in the actual criminal proceedings. But they didn't. That's in their filing. That's not Mr. Marin. Mr. Marin is very clear. There is a criminal complaint. If they've represented that to the court, what else is there to do? I think a sworn, some kind of sworn statement by a witness making that statement is important because Mr. Marin What is the basis for that requirement? So why, I understand you would like it, right, but what is the basis? What rule or principle would I look to to say that we don't take the representation made by counsel, but we require a sworn statement? I'm not pointing to a rule. I'm arguing that the representation made by counsel in filings contradicts Mr. Marin, his declaration, where he defines that criminal complaint as part of the Mexican proceedings that are the basis for requesting the documents. Mr. Marin is the one who says the criminal complaint is part of the Mexican proceedings. It's part of that definition. That's why they want the documents. All we're saying is if you're going to request the documents, the for-use prong of the test requires you to tell us what you're going to use these documents for in the criminal proceeding. But is it possible that Benarte didn't provide more details about the criminal proceedings because they didn't have more details? The In Re Turkey case that you keep citing, which by the way is unpublished district court opinion out of the circuit, I'm aware. was a private party made the request, not the government. So here it's a private party, and perhaps the private party simply had no further information. The fact that it's in a declaration under the penalty of perjury, and it is used as part of the definition of the Mexican proceedings, is sufficient to raise the issue. Now, if Mr. Marin wants to now say he doesn't have any information about the criminal complaint that they filed, that's fine, but there has to be some level of detail about what exactly these documents are going to be used for. The counsel today, in a few minutes, tells us, yes, we represent to the court, we're not going to use any of this information in the criminal proceeding in Mexico. Widen the case over. I think that representation is inconsistent with Marin's declaration. I have tremendous respect for counsel, but at the end of the day, we have a sworn declaration that is specifically saying that they have filed a criminal complaint. And what we are asking is really simple. Give us those details, so if we're going to assert a privilege, as we did, we can do so with the details and the facts that are necessary to apply that privilege. Thank you very much. You've got some rebuttal time coming up. Thank you, Your Honor. All right, Ms. Major. So, why don't we start by asking you whether or not you represent to the court that whatever materials you may get under this statutory entitlement would not be used in the Mexican criminal proceeding. As the Binorte parties have said in all of their briefings,  we have no intention to use these documents in criminal proceedings, only civil proceedings in Mexico. And you, as counsel, are making that representation to the court today. Correct. Can you answer my question of whether that's even a useful question to ask? Like, under Mexican procedure, can you prosecute a private, can the bank prosecute a private citizen for a criminal offense? To my understanding, the way this works in Mexican law is one of the three Binorte parties filed a criminal complaint, and at that point, the government takes over. Theoretically, I mean... And so if it goes to trial, the only party that, or the only people that could use these documents in any criminal proceeding would be the government or the defendant. To my understanding, yes. Right. I mean, the point being is that, like, it doesn't make a ton of sense to think about a private party using documents in a criminal proceeding because a private party can't introduce documents. There's no intervention of a private party into a criminal proceeding such that would allow them to use them. My point being is that I understand you're answering a question and saying, we're not gonna, which is, I think, totally the right thing. That's the question he asked you. My point is, even if you wanted to, it doesn't seem to me that you could, which makes your answer, like, particularly easy, it seems. Right, and I'm not an expert in Mexican law, but that is my understanding of the Mexican, the way the Mexican proceedings work. So in effect, you are going to, or your client is not going to tender this to the government on your own, but what the government may do later on of its own volition is we don't control that. Right, and we've been representing from the beginning that we have no intention to do that, and that hasn't changed. Could the district court restrict the use of the subpoena to the civil dispute? The district court could do that. I do not think that they should. The district, at the motion to quash proceedings, Cartograph USA did not raise the issue of a protective order. It did not ask the district court for a protective order, a confidentiality order, so the district court was not required or even asked to put that into place. Certainly, though, it could have, it could. So the district court did have as part of its order a protection clause regarding tax matters. That is correct. So you're saying, it should be a question for the opposing counsel, but I'll ask you anyway. They ask for tax information protection, but not for criminal proceeding protection in the order. Right. That's correct? Yes. They made an argument that they should not be required, that they should be protected from the requirement to provide tax records, and the district court granted that. And the district court's opinion was a thorough, nuanced opinion. It was 26 pages. It thoroughly dissected all the arguments being made by Cartograph USA today, except for the protective order, because that wasn't raised. And the district court did not abuse its discretion with relation to the application of the statutory factors with respect to the four-use prong. You just heard from counsel that there's no dispute that the Benorte parties successfully argued, successfully met the statutory factors, the discretionary intel factors, with relation to the civil proceedings. That is where the district court's analysis ends with regard to the 1782 application. Cartograph USA just said that they do not dispute that as well in their briefing. There's no argument against it. So whatever this court does here today should not disturb the district court's findings with relation to the civil proceedings. But so in America, again, I'm drawing analogies to the American system because I don't know much about the Mexican system. But even in a civil proceeding, you can still assert a right of self-incrimination if it's reasonably likely that a criminal prosecution might follow. We sort of got that type of a system. So if this was an American story, they could still in theory assert a privilege. They would lose that, I think, under American law. But tell me why the district court got it right in evaluating this privilege issue. I mean, they've asserted that this Cartograph USA is not required to turn over its corporate records because a shareholder might be prosecuted in Mexico. Tell me why you think that privilege argument fails. It's a little bit separate from the arguments we've been focused on. Yes. So absent authoritative proof of a foreign privilege, a district court is not supposed to look into the details of the discoverability, the admissibility. Why authoritative proof? I acknowledge some of our sister circuits have said that. Why is that the standard? Why is there something other than just like more likely than not? I mean, most standards in the civil context are sort of more likely than not. Why do we require sort of effectively like clear and convincing evidence or I don't know exactly what authoritative proof means, but why? So while this court hasn't adopted authoritative proof or another standard, the district court used authoritative proof. Cartograph USA didn't challenge the application of that standard, so we're also using that standard. The way that authoritative proof is helpful to the district court is when a party is able to demonstrate authoritative proof. The examples used in the case law are judicial, legislative, executive declarations. If you can show the district court, here is declarative evidence that the Mexican court is not going to accept this because a foreign proof exists, that makes it easy for the district court to say, okay, I can reject this discovery. I can reject this application. But absent that, the district court is not supposed to delve into the details of Mexican law. 1782 protects the district courts from having to do that. But 1782 itself doesn't like say that, right? It just says you can't do it if there's any legally applicable privilege. Correct, but the interpretation by many courts is. And what I'm asking is why do we have this high bar for what's required to show what a legally applicable privilege is? I'm not sure they've done it under any standard. I'm not talking about this specific case. I'm just curious why you think that's the right standard. We have to figure out what the law is. We don't get to just accept your legal conclusions, right? We have to figure out what the law is. And so what I'm curious is why you think that's the right standard. Other sister circuits use it. That's one of the most commonly applicable tests in this context. So we looked to that standard. Is there any other standard other circuits have used besides this authoritative? To my knowledge, none are coming to mind, Your Honor. Again, this was not contested by Cartograph, the application of that particular standard. If the standard applies, is it not met here because of the legal affidavit from the Cartograph's Mexican law firm? Is that the basis that the district court used? That is correct. Why was their opinion deficient? So Cartograph USA submitted this declaration from a law firm, and it's deficient for several reasons. It doesn't meet this burden of authoritative proof borne by Cartograph USA. First, the last paragraph of the document is a disclaimer. The document says this is a preliminary legal opinion, and it says, and I'm quoting, by no means should it be used as a definitive legal opinion to be used officially by any party in any way. So that right there shows that this is not an authoritative, any form of authoritative proof. It's a disclaimer. Don't use this document in any official way. Beyond even that, the document is, it is vague, and it is not conclusory. So with regard just to the civil proceedings, looking alone at that, this firm opined generally on principles of Mexican foreign self-incrimination laws in Mexico. There was no application to the facts of this case. And even just sticking with the criminal proceeding for which Cartograph had all of the information, presumably its expert had access to all of that information, there's no application of these foreign legal principles to the documents being sought in this case or the facts of this case. Can we get back to the idea of limiting discovery or limiting the use of this, of these materials to the civil proceeding? You stated earlier that your client would oppose that. I guess I'm perplexed as to why, if the use that you're seeking the information for is in the civil proceeding, it seems to me that, although it wasn't discussed below, it would solve everyone's problem to have the subpoena's response limited to the civil proceeding and not available for the criminal proceeding, and then everybody would get what they want, right? Right. So we're not necessarily opposing it, but the question here is whether or not the district court abused its discretion in not granting a protective order, and it did not because it wasn't requested. And from the district court's perspective, there was no reason to impose one. The district court considered these arguments. It found no bad faith. It found that the mere mention in a single sentence of the criminal proceedings did not warrant a special protection for Cartograph USA. So because this wasn't raised, the district court didn't abuse its discretion in just not sua sponte issuing a protective order. Beyond what it did, again, its decision, its 26-page opinion was nuanced, and it provided protections with respect to the tax records. So the district court did not abuse its discretion by not issuing that protective order. And certain cases such as Accidental Delight and In Re, Republic of Nigeria. So does your client object if the court were to remand with instructions to modify the order to exempt the criminal proceedings? If the court thinks that that is the best course of action, we would request that the court remand with an instruction to consider the issue of the protective order since it hasn't been considered yet. But to do that, we'd have to find an error, right? We'd have to find the district court erred in failing to sua sponte enter this protective order. I mean, we don't remand without an error. Then yes. So is that now yes, you would object, or no, you would not? As I've stated, we do not think that it's necessary, but if the court considers that the best course of action, we're not objecting. All right. If there are no further questions, just want to say in sum, the Binorte Party Section 1782 application, it was proper and it was well-founded. The district court did not abuse its discretion in granting that application, and it did not abuse its discretion in denying Cartograph USA's motion to quash, and this appeal should be denied. Thank you. All right. Thank you very much. Mr. Cassidy, you have some rebuttal time. So did you ask the district court to do a carve-out for the criminal proceeding the way you did for the tax records? I don't believe that we specifically asked that question. We did argue it. We did argue that our argument was not necessarily carve-out. Our argument was we need sufficient detail on this particular proceeding, which they know about. I just want to be really clear on that issue. There is nothing in the record that Cartograph had information about this criminal proceeding. This is not like Mexico has a LexisNexis, and you can find these criminal complaints, which is one reason why Cartograph invoked both Inouye Newbrook Shipping Corp. and the Inouye Turk case. All we're asking for is sufficient detail to allow us to adequately defend our client, to allow us to adequately assert privilege. On the issue of privilege, it's very clear the judge acknowledged there's a split in the circuits, but he acknowledged that there was a privilege under Mexican law. But he took the step of saying that the opinion itself that was provided by the Mexican experts did not apply the law to the facts. And our argument is how could they when we don't know what the facts are? And what we're asking for is a cause number and a court where this complaint has been filed. That information we do not have. And that's precisely what we're asking for here. On one level, I somewhat agree with the panel. This is a relatively simple issue. One, because they're saying they're going to use these documents and they have referenced this criminal complaint, the court should demand a certain level of detail. That's to allow us to defend our client. That's to allow us to properly assert a privilege. So the Mexican opinion on privilege law, which attaches to corporations in Mexico, usually it doesn't here, was stated correctly. But he couldn't apply it to facts because we don't have the cause number. Now, it's possible if they had provided us with that information. Did you object in the district court to the use of this authoritative proof standard? No, I think we meet the standard. And we've detailed it in our briefing. The authoritative proof standard is simply this. You have to go to authoritative proof in Mexico and base your opinion on it. What the courts are trying to get away from is this idea of battle of experts. That it would be inappropriate for everyone to be having expert opinions on Mexican law and forcing a district court here in the United States to make that determination. We don't have that problem here because they never presented a different version of Mexican privilege law. But no, it's never challenged. So the only thing in the record is our assertion of Mexican privilege with our experts out of Mexico who cannot apply it to facts that they don't know. I mean, there is a very simple explanation to this. All we are saying is that under the cases, both In re Newbrook Shipping and also In re Turk, there is a duty of good faith to provide details about a known criminal complaint. When Benoto says this is ongoing, they are the ones who say that this is an ongoing proceeding. They have a duty of good faith to tell us the details of that case so we can properly defend our client. That fundamentally is the issue. If they had never said there was a criminal proceeding, this wouldn't be an issue. But the fact remains there is a criminal complaint. I will also say, Your Honor, I fully agree with you. This issue of how the Mexican law procedure works in Mexico, I have a different opinion on that. And I have done work in both Brazil and Mexico on whether private citizens can pursue criminal complaints and participate in investigations in global south countries. But that issue is not in the record. It wasn't argued with the court. Instead, the fundamental issue is, should the district court require them to simply give us the details and information about the criminal complaint and how they will use these documents so we could, one, if we wanted to ask for a protective order, say no, you can't use these documents. That would be getting around truth-gathering procedures in Mexico if you are allowed to take these documents and use them as part of a criminal complaint or proceeding in Mexico. I mean, it's basically the lack of detail that they know and will not provide that hinders our ability to adequately defend and assert privileges for our client. The Mexican opinion was found to not be authoritative, not because of what he said, but because it did not go to the facts of the case. But how can we apply it to facts that we don't know? I think that the opinion was found not to be authoritative because it was provided by a law firm and it was tentative and it was not provided by any judicial or executive or legislative body in Mexico. The court specifically says that it is not going to adopt the opinion because it does not apply facts to the opinion itself. Is there an argument that authoritative law in Mexico would be stronger if it was a pronunciation of the Mexican Supreme Court or statutes? Yes, yes, that is true. Our position, however, is that this particular legal opinion was based specifically on authoritative Mexican law and it lays it out in the opinion. The fault that the district court found was that it simply did not apply to the facts. And if there are no further questions, I'll cede my time. Thank you very much. Thank you. We'll come down and greet counsel and then take a very brief recess. The Honorable Court will take a brief recess.
judges: G. Steven Agee, Julius N. Richardson, Nicole G. Berner